# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**NOEL K. BANGO,**

    **Petitioner,**

vs.                                            Case No. 4:06cv39-SPM/WCS

**JAMES MCDONOUGH,**

    **Respondent.**

_____/

## ORDER TO RESPOND TO § 2254 PETITION

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner challenges his placement in disciplinary confinement and loss of gain time following an inmate disciplinary hearing for disobeying a verbal order.

The court granted leave to proceed in forma pauperis, and directed Petitioner to file a response clarifying the petition. Doc. 4. He was directed to "state where he was incarcerated at the time he filed grievances in April of 2003," since he claimed the disciplinary report was in retaliation for those grievances. *Id.*, pp. 2-3. He was also directed to "provide the dates of the disciplinary incident, investigation, and hearing at

issue in his § 2254 petition, and state where he was incarcerated on those dates." *Id.*, p. 3.

Petitioner filed "supplemental data" in response to the order, stating that he was incarcerated at Florida State Prison when he filed and exhausted the grievances. Doc. 5, p. 1. The incident occurred at the Florida State Prison on April 23, and the disciplinary report was served on Petitioner there on April 25, 2003. *Id.*, p. 2. The Florida State Prison Disciplinary Board found Petitioner guilty on or about May 1, 2003. *Id.*

As previously noted, Petitioner has two § 2254 petitions pending in this district related to disciplinary actions at the Santa Rosa Correctional Institution. Doc. 4, p. 2. Petitioner remains incarcerated there, and is serving a sentence out of Palm Beach County. *Id.* This district and the Southern District have concurrent jurisdiction, as the districts of confinement and conviction, respectively. 28 U.S.C. § 2241(d).

Transfer to the Pensacola Division of this district was deemed appropriate in the other cases because they involved disciplinary reports in that division. In this case, however, the division of Petitioner's confinement is actually further away from where the disciplinary report was imposed, and the district of conviction does not appear appropriate either. *Cf.* Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (the purpose of allowing concurrent jurisdiction in § 2241(d), "of course, is to provide a more convenient forum for witnesses," and "we believe it has implications as to venue between divisions in the same district."); Parker v. Singletary, 974 F.2d 1562, n. 118 (11th Cir. 1992) (quoting this language in part). The Middle District would be the most convenient venue for the claims raised here, but is not an option under § 2241(d).

Given the above, the petition will not be transferred sua sponte at this time, though a motion for transfer would be entertained.

Respondent will now be required to file an answer addressing the allegations in the petition. § 2254 Rule 5(a). "In addition, it must state whether any claim in the petition *is* barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." *Id.* (emphasis added). Conversely, there is no reason to argue the facts or law relevant to whether a claim is barred if Respondent concedes that the claim *is not* barred in this case.[1] Respondent shall include references to the record (included with the answer pursuant to § 2254 Rule 5(d)) and citations to *directly relevant* legal authority, and shall omit generic or "boiler plate" legal language.

If a procedural argument not going to the merits is raised, Respondent may await a ruling on that defense before filing an answer on the merits.

Petitioner may file a reply to Respondent's arguments within the time set by this order, but is not required to do so. § 2254 Rule 5(e). Petitioner shall clearly write the case number 4:06cv39-SPM/WCS on any document submitted for filing in this case, to avoid confusion with his other pending cases.

The court will review the record after the answer and Petitioner's reply (if any) are filed. If it does not appear that a hearing or additional argument is warranted,[2] then the undersigned will enter a report and recommendation for disposition of the § 2254

---

[1] It is noted that Respondent may respond to the merits without waiving the exhaustion requirement. *See* § 2254(b)(2) and § 2254(b)(3).

[2] An evidentiary hearing is not generally required and is unnecessary unless disputed evidence is submitted by the parties.

petition; if an evidentiary hearing is warranted, counsel will be appointed.  § 2254 Rule 8.

Accordingly, it is **ORDERED:**

1.  The clerk shall serve copies of docs. 1, 4, and 5, along with this order, to Respondent and the Attorney General of the State of Florida.

2.  Respondent shall file an answer or other pleading on or before **July 14, 2006.** If voluminous exhibits or records (such as transcripts) are submitted in support of the answer, **paper copies shall be provided to the court**.

3.  Petitioner shall have until **August 14, 2006**, to file a reply, if desired.

**DONE AND ORDERED** on May 12, 2006.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**